IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DAVID JONATHAN WESTMORELAND and
JOYCE SIMS WESTMORELAND                                          PLAINTIFFS

v.                                        CIVIL ACTION NO. 1:20-CV-00201-GHD-DAS

STATE FARM FIRE AND CASUALTY COMPANY;
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY;
PARISH INSURANCE FINANCIAL SERVICES, INC.;
AMANDA PARISH; and
JOHN DOES A, B, C, and D                                          DEFENDANTS

### OPINION GRANTING PLAINTIFF'S MOTION TO REMAND

Presently before the Court is the Plaintiffs' Motion to Remand [10], in which the Plaintiffs

argue that the Court lacks jurisdiction in this matter due to the requirements of diversity

jurisdiction. Upon due consideration, for the reasons set forth herein, the Court hereby grants the

Plaintiffs' motion.

## I.      Factual Background and Procedural History

The Plaintiffs are adult residents of Chickasaw County, Mississippi [2, at ¶ 1]. Defendant

State Farm Fire and Casualty Company, initially misidentified as State Farm Fire and Casualty

Insurance, is an Illinois-based corporation [1, at ¶ 8] authorized to do business in the State of

Mississippi [2, at ¶ 2; 12]. Defendant State Farm Mutual Automobile Insurance Company,

initially misidentified as State Farm Mutual, is also an Illinois-based corporation [1, at ¶ 9]

authorized to do business in the State of Mississippi [2, at ¶ 3; 12]. Herein, these two Defendants

shall be referred to as "the State Farm Defendants." Defendant Parish Insurance Financial

Services, Inc., is a domestic corporation doing business in the State of Mississippi, with its

principal offices located at 223 E. Madison St., Houston, Mississippi [2, at ¶ 5; 1, at ¶ 11].

Defendant Amanda Parish is an adult resident of Chickasaw County, Mississippi [2, at ¶ 4; 1, at

¶ 10]. Herein, these two Defendants shall be referred to as "the Parish Defendants." The Plaintiffs contend that they purchased a State Farm insurance policy "by and through Amanda Parish and Parish Insurance Financial Services, Inc." [2, at ¶ 7] and that they relied on Defendant Amanda Parish, identified as a insurance agent, "to provide competent, timely, proper and professional advice regarding coverage and claims" [2, at ¶ 9]. This insurance policy is known as Westmoreland Homeowners Policy Number 24-BF-Q866-9, or herein simply "the Policy." [2, at ¶ 8]. The Plaintiffs allege that the Policy covers the Plaintiffs' residence, which was damaged in a fire on June 18, 2017, and that the fire triggered all coverage under the Policy [2, at ¶ 11]. The Plaintiffs further state that they have promptly paid their premiums on the Policy, fulfilled any obligations required to maintain their coverage under the Policy, sought coverage under the Policy in a timely manner, and properly noticed and filed their claims for coverage with the Defendants [2, at ¶¶ 11-13]. The Plaintiffs allege that the Defendants failed to pay or wrongfully delayed payment to the Plaintiffs as per the terms of the Policy [2, at ¶ 14].

On June 18, 2020, the Plaintiffs filed their Complaint in the Circuit Court of Chickasaw County, Mississippi, alleging among other causes of action that the Defendants breached the terms of the Policy "by failing to pay all policy benefits for the covered losses caused by the fire" [2, at ¶ 19]. Likewise, they contend that the Defendants' "actions and omissions were intentional wrongs and were malicious or committed with reckless disregard for the rights of [the Plaintiffs] to such a degree that they rise to the level of independent torts," specifically that of tortious breach of contract under Mississippi law [2, at ¶ 25]. The Plaintiffs claim that the Defendants, through their acts and omissions, caused the Plaintiffs to suffer damages pertaining to "emotional distress, anxiety, worry, personal financial expenses, and other incidental damages," in additional to the general damages caused by the alleged breach of contract and failure to pay for claims

2

covered under the Policy [2, at ¶ 35]. In light of these claims, the Plaintiffs seek in the Complaint judgment against the Defendants for "actual and compensatory damages in the amount of their losses, up to the inflation adjusted limits of all damages available under the policy of insurance, and incidental and consequential damages suffered as a result of State Farm and Parish conduct, plus consequential damages that have suffered as a result of State Fanns and/or Parish conduct, including reasonable attorney fees and expenses incurred in the prosecution of this claim, plus pre-judgment and post-judgment interest in the amount allowed by law" [2, at 8-9]. The Plaintiffs also seek punitive damages "an in an amount sufficient to punish them for their wrongful conduct and to deter like conduct in the futures [sic] and to service as an example and a warning to others, so as to deter others from engaging in a similar course of conduct" [2, at 9]. Finally, the Plaintiffs seek "additional and general relief deemed appropriate by law and this Court" and "demand[] payment of all of the above, plus other contractual benefits owed to them under the terms of the policy as well as extra-contractual damages recoverable under Mississippi law" [*Id.*]. Crucially, the Complaint does not state a specific figure for the monetary amount sought by the Plaintiffs.

While the Complaint was initially filed in state court, it was subsequently removed to this Court [1]. In their Notice of Removal, the State Farm Defendants argued that the amount in controversy in this case exceeds $75,000 because the Plaintiffs could potentially recover more than this amount under the Policy's limits [1, at 18]. The State Farm Defendants further argued that removal was appropriate because the Plaintiffs did not specify in their Complaint the amount claimed as punitive damages and that in such a scenario, the amount in controversy is deemed to be greater than the value required for federal jurisdiction [1, at 18-19]. The State Farm Defendants also pointed to the Plaintiffs' unspecified claims of damages for emotional distress

3

and entitlement to attorney's fees, arguing that when added to the unspecified claims for compensatory and punitive damages, the amount in controversy exceeds $75,000 [1, at 19-20]. Additionally, the State Farm Defendants argue that there is in fact complete diversity between the parties because the Parish Defendants were the subject of improper or fraudulent joinder, and should be dismissed from this litigation [1, at 6-17].

On October 9, 2020, the Plaintiffs filed their Motion to Remand [10]. In it, they argue that the requirements for diversity jurisdiction have not been met in this case, in that there is not complete jurisdiction and the amount in controversy does not exceed the required minimum of $75,000 [10, at 1]. Specifically, the Plaintiffs state in their Motion that they have "submitted initial disclosures to Defendants, by and through their counsel, documenting the amount in controversy at $57,330.00" [10, at 2]. In support of this, they have submitted an Affidavit along with their Motion, signed and notarized on the same day as the filing, indicating that their claim amounts to approximately $57,330.00 [10, at 4]. As to the State Farm Defendants' allegations of improper or fraudulent joinder, the Plaintiffs note that they filed their Complaint in state court, and argue that they satisfied the notice pleading requirements of the State of Mississippi. They further contend that they should be allowed to amend their Complaint to rectify any supposed deficiencies that may be found when viewed under the Twombly/Iqbal standard of federal courts. They likewise filed a Motion to Amend Complaint on November 13, 2020 [20]. In said Motion, the Plaintiffs state that they are seeking damages in the amount of $57,330.13 [20, at 1]. While the Plaintiffs' Motion to Amend states that the "amount in controversy has been the same $57,330.13, since the original claim filing with State Farm" [20, at 1], this message is somewhat muddled by the fact that in their Proposed Amended Complaint, the Plaintiffs state that they are seeking "actual and compensatory damages in the amount of their loss of $57,330.13, plus

4

reasonable attorney fees and expenses incurred in the prosecution of this claim" and "further

pray[] that punitive damages be assessed" against the Defendants, in essence repeating the

mistakes of their initial Complaint [20, at 11]. The State Farm Defendants filed their Response

in Opposition to the Plaintiffs' Motion to Remand on November 4, 2020 [17]. The matter is now

ready for review.

## II.    Legal Standard

"The district courts shall have original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between— [] citizens of different States...." 28 U.S.C. § 1332(a)(1). "Except as otherwise

expressly provided by Act of Congress, any civil action brought in a State court of which the

district courts of the United States have original jurisdiction, may be removed by the defendant

or the defendants, to the district court of the United States for the district and division embracing

the place where such action is pending." 28 U.S.C. § 1441(a). "The removing party bears the

burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404,

1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54

(5th Cir.1961)). When considering the issue of removal, "[t]he district court must first examine

the complaint to determine whether it is 'facially apparent' that the claims exceed the

jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type'

evidence to ascertain the amount in controversy." *St. Paul Reinsurance Co., Ltd. v. Greenberg*,

134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–

36 (5th Cir. 1995)).

> 'The amount in controversy, in an action for declaratory or injunctive relief,
> is the value of the right to be protected or the extent of the injury to be
> prevented.' When an insurer seeks a declaratory judgment regarding the
> coverage provided by an insurance policy, 'the "object of the litigation" is

5

the policy and the "value of the right to be protected" is plaintiff's potential liability under that policy.' Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages—just not interest or costs.

*Id.* at 1252–53 (citations omitted).

Critically, the Court considers the facts "as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *Id.* at 1253–54; *see also Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir.1995)). A court's inquiry into the appropriateness of removal "does not end merely because the plaintiff alleges damages below the threshold. The face of the plaintiff's pleading will not control if made in bad faith." *De Aguilar*, 47 F.3d at 1410. "[I]f a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint. Such a rule is necessary to avoid... manipulation" by plaintiffs "who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading. Such manipulation is surely characterized as bad faith." *Id.* at 1410–11 (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir.1985) and James W. Moore et at., Moore's Federal Practice ¶ 0.158, at 204–05 (2d ed. 1993)). "Consequently, the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *Id.* at 1412.

"[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar*, 47 F.3d at 1412. A "[p]laintiff's 'legal certainty' obligation might be met in various ways.... [a] [p]laintiff's state complaint might cite, for example, to a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* to be increased by amendment. Absent such a statute, '[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant.'" *Id.* (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). However, a court may consider post-removal affidavits in determining the amount in controversy at the time of removal if the basis for jurisdiction is ambiguous at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

## III.    Legal Analysis and Application

The Court begins by determining the amount in controversy in the case *sub judice*. The Plaintiffs' Complaint is unclear as to this point, and instead engages in formulaic phrases and boilerplate legalese for articulating a host of avenues for seeking damages. In light of this lack of clarity and the fact that the Complaint does not articulate a specific amount, the Court finds the matter to be ambiguous at the time of removal, and it is likewise not facially apparent that the claims exceed the jurisdictional amount. Thus, the Court turns to the summary judgment-type evidence in the record, including the Plaintiffs' Affidavit [10, at 4-5], Motion to Remand [10], Motion to Amend [20], and Proposed Amended Complaint [20, at 4-12]. As noted above, these documents present a somewhat muddied impression of the Plaintiffs' claims, stating that both the

7

"amount in controversy" [10; 20, at 1], "damages" sought [20, at 1], and claim under the policy [10, at 5] all amount to either $57,330.00 or $57,330.13. While these terms are not in fact interchangeable, the Court nevertheless holds that it was the intent of the Plaintiffs—though perhaps clumsily formulated—to bind themselves to the figure of $57,330.13 for the purposes of establishing an amount in controversy. Therefore, the Court views the Plaintiffs' Motion to Remand and Affidavit [10] as a binding stipulation setting the amount in controversy in this case at $57,330.13. Thus, since the removing party cannot bear its burden of establishing that federal jurisdiction exists because the amount in controversy in this case does not exceed the jurisdictional threshold of $75,000, remand is warranted. In light of this determination, the Court does not address the issue of improper or fraudulent joinder or the Plaintiffs' Motion to Amend Complaint [20], and leaves these matters to the state court upon remand.

## IV.    Conclusion

The Court finds that the amount in controversy, as interpreted by the Plaintiff's Motion to Remand and Affidavit [10], is less than $75,000, and that diversity jurisdiction is consequently not present in this case. Therefore, the case shall be remanded to the Circuit Court of Chickasaw County, Mississippi.

An order in accordance with this opinion shall issue this day.

THIS, the ___14th___ day of September, 2021.

_SENIOR U.S. DISTRICT JUDGE_

8